United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.126.70.144,<br><br>    Defendant. | Case No. 19-cv-00948-PJH<br><br>**ORDER GRANTING LEAVE TO SERVE THIRD PARTY DISCOVERY**<br><br>Re: Dkt. No. 7 |

    Before the court is plaintiff Strike 3 Holdings, LLC's ("Strike 3") motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. Dkt. 7. The matter is fully briefed and suitable for decision without oral argument. Having read the papers and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion as follows.

    "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (collecting cases). "[T]here is no prejudice where the discovery request is narrowly tailored to only seek [a defendant's] identity." Id. "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes" certain showings. Id. (citations omitted) (collecting cases granting leave to take early discovery).

"District courts in th[e] [Ninth] circuit have developed a four-part test for determining when to allow early discovery. Under the test applied in Columbia Insurance Co. v. seescandy.com[,185 F.R.D. 573, 575 (N.D. Cal. 1999)], the moving party must: '(1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information.'" Ebates, Inc. v. Does, No. 16-CV-01925-JST, 2016 WL 2344199, at *1 (N.D. Cal. May 3, 2016) (quoting SBO Pictures, Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620, at *2 (N.D. Cal. Nov. 30, 2011)).

Plaintiff has established that "good cause" exists for it to serve a third-party subpoena on defendant's internet service provider, Comcast Cable Communications, LLC ("Comcast"). As such, Strike 3 may serve Comcast with a Rule 45 subpoena commanding Comcast to provide Strike 3 with the name and address of the defendant to whom Comcast assigned the IP address set forth in the complaint—76.126.70.144.

Plaintiff shall attach to any such subpoena a copy of this order. This order does not authorize plaintiff to serve any third-party other than Comcast with a Rule 45 subpoena. Plaintiff may only use the information Comcast discloses in response to the subpoena to litigate this action, and for no other purpose.

For the foregoing reasons, plaintiff's motion is GRANTED, subject to the provisions of this order.

**IT IS SO ORDERED.**

Dated: April 1, 2019

PHYLLIS J. HAMILTON
United States District Judge